IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LINDA CHOUINARD ) | |
| ) | No. 1-04-0081 |
| v. ) | |
| ) | |
| KINDERCARE LEARNING CENTERS, ) | |
| INC. ) | |

O R D E R

The plaintiff's motion for attorney's fees, costs and expenses and pre and post judgment interest (Docket Entry No. 140) is GRANTED to the extent provided herein.

Jeffery S. Frensley, counsel for the plaintiff, seeks an award for attorney's fees, pursuant to Tenn Code Ann. §§ 4-21-306(7) and 4-21-311(b) in the amount of $38,060.00, and costs and expenses in the amount of $3744.98, along with a fee enhancement.

The Court must determine if the attorneys' fees sought are reasonable. Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 616 (6th Cir. 2007); Pascal v. Flagstar Bank, 297 F.3d 435 (6th Cir. 2002); Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999). A determination of reasonableness begins with the "lodestar" method of calculation, i.e, determining a reasonable fee based on a reasonable hourly rate and reasonable number of hours of service. The United States Supreme Court described the lodestar method in Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983), as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

A list of many of the factors to consider in establishing the lodestar fee and adjusting the fee was enunciated by the Fifth Circuit Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The Johnson factors have now become part of the settled law

of lodestar analysis under both United States Supreme Court and Sixth Circuit decisions. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.4; Blanchard v. Bergeron, 489 U.S. 87, 92 n.5, 103 L.Ed.2d 67, 109 S. Ct. 939 (1989); Paschal, supra.

Plaintiff's counsel seeks an hourly rate of $275.00 for 138.40 hours. In support of his requested hourly rate, he filed affidavits of three Nashville attorneys who practice employment law. See Docket Entry Nos. 140-3 through 140-5. Those lawyers charge an hourly rate of $325.00 (with almost 22 years of practice), $275.00 (with almost 15 years of practice), and $265.00 (with almost 13 years of practice), respectively. Each lawyer attested to his belief about the current market rate for attorneys with 5-10 years of experience and with experience of 15 years or more. Those figures ranged between $185.00 to $250.00 per hour for lawyers with 5-10 years of experience and $250.00 to $400.00 for lawyers with 15 or more years of experience. Plaintiff's counsel has been practicing almost 13 years.

The defendant challenges an hourly rate of $275.00 as exceeding that "typically customarily charged by sole practitioners who litigate employment cases on behalf of single plaintiffs." Docket Entry No. 156, at 1. In support of that assertion, the defendant has filed the affidavit of James L. Harris, one of the plaintiff's former attorneys, who attests that sole practitioners in Nashville typically charge between $150.00 to $200.00 to "litigate a single plaintiff employment law case," adding that he charges $175.00 per hour. See Docket Entry No. 156.

The defendant provides no support for the argument that sole practitioners are not entitled to the prevailing market rate charged by attorneys in law firms. The Court cannot accept the distinction espoused by the defendant and finds that sole practitioners are faced with expenses and

2

risks that large firms may be unlikely to incur. See Declaration of Hal Hardin (Docket Entry No. 160).

After graduating from Vanderbilt Law School in 1995, Mr. Frensley joined the firm of Ray and Frensley. Since Mr. Ray's retirement in early 2004, Mr. Frensley has been a sole practitioner. He has had extensive experience in state and federal courts since that time. See Docket Entry No. 140-2. The Court finds that his hourly rate of $275.00 is reasonable and in line with the prevailing market rate in Nashville, Tennessee. Therefore, the Court declines to reduce his hourly rate.

The Court also finds that 138.4 is a reasonable number of hours for Mr. Frensley to have expended, and the defendant has raised no objection to the number of hours.

Mr. Frensley also seeks an award of costs and expenses in the amount of $3744.98, which the court finds to be reasonable, and to which the defendant offers no objection.

Thus, Mr. Frensley seeks an award of attorney's fees in the amount of $38,060.00 (138.4 hours X $275.00 per hour), and $3744.98, for a total of $41,804.98. The Court finds this award to be reasonable.

However, Mr. Frensley also seeks a multiplier or fee enhancement to the lodestar calculation. The United States Supreme Court has found that, when fees are sought pursuant to 42 U.S.C. § 1988, "in some cases with exceptional success an enhanced award may be justified." Hensley, 461 U.S. at 434. Mr. Frensley points to the fact that he entered his appearance only two weeks before the trial and he "fervently prepared for a highly contested trial in a very short period of time," giving this case the "utmost priority." He also emphasizes that there were difficulties with the proof and "one would not typically believe that the Plaintiff's likelihood of prevailing was great absent an extraordinary effort by counsel." Mr. Frensley also notes that the plaintiff had previously been represented by two different lawyers, both of whom had been granted permission to withdraw, "indicating at the very least that there were difficulties, personality or otherwise, in the representation" of the plaintiff. Docket Entry No. 141, at 6-7. Although the Court acknowledges

3

Mr. Frensley's success in obtaining a jury verdict, the Court cannot find that the result in this case was so "exceptionally successful" that a fee enhancement is justified.[1]

The plaintiff also seeks pre-judgment interest at the rate of ten percent per annum pursuant to Tenn. Code Ann. § 47-14-121. The defendant does not object to such an award.

To the extent that the plaintiff seeks post-judgment interest at the same rate of ten percent, the request is denied. Post-judgment interest on all judgments entered in federal courts is determined in accordance with 28 U.S.C. § 1961, even if the case was originally filed in state court and even if jurisdiction is based on diversity.

In summary:

(1) The hourly rate of Jeffery S. Frensley of $275.00 per hour is approved.

(2) Jeffery S. Frensley is awarded the total amount of $41,804.98, representing $38,060.00 in fees and $3744.98 in expenses and costs.

(3) No fee multiplier or enhancer has been used.

(4) Pre-judgment interest at the rate of ten percent per annum is awarded.

(5) Post-judgment interest is fixed by the Treasury bill rate, as provided in 28 U.S.C. § 1961, and cannot be increased.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] In fact, the plaintiff's success may have been muted somewhat by the remittitur granted by the Court in a contemporaneously entered order.